# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARION EIDSON,

    Petitioner,

v.

TONY HENDERSON, Warden,

    Respondent.

1:07-cv-2419-WSD-AJB

## OPINION AND ORDER

Petitioner, Marion Eidson, has submitted the instant 28 U.S.C. § 2254 habeas corpus petition. This matter is before the Court on Petitioner's motion for a certificate of appealability ("COA") [9].

## I.   BACKGROUND

On January 12, 2000, Petitioner was convicted by a Clayton County jury of two counts of burglary, two counts of armed robbery, and four counts of kidnapping. Petitioner was sentenced to twenty years in prison. Following his conviction, Petitioner obtained new counsel, Patricia F. Angeli. Ms. Angeli represented Petitioner in the appeal of his conviction and sentence to the Georgia Court of Appeals. Petitioner raised one claim on appeal, alleging that "the trial court erred by denying his motion for directed verdict of acquittal, because his

1

convictions were impermissibly obtained based on the uncorroborated testimony of" an alleged accomplice. R&R at 2 (quoting Eidson v. State, 543 S.E.2d 100, 101-02 (Ga. Ct. App. 2000)). On November 28, 2000, the Georgia Court of Appeals affirmed Petitioner's conviction and sentence.

On November 5, 2001, Petitioner filed a state habeas corpus petition in the Superior Court of Montgomery County, raising four claims of ineffective assistance of trial counsel and four claims of ineffective assistance of appellate counsel. The petition was transferred to Baldwin County. An evidentiary hearing was held on the petition, and on February 3, 2006, the state habeas court denied the Petitioner habeas relief. In doing so, the court rejected on the merits Petitioner's claims of ineffective assistance of appellate counsel. It also found that Petitioner had procedurally defaulted his claims of ineffective assistance of trial counsel. On September 10, 2007, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief.

On October 2, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, raising the following grounds for relief:

> (1) Petitioner received ineffective assistance of counsel when (a) trial counsel failed to impeach the state's star witness with evidence that he had been diagnosed as a paranoid schizophrenic suffering from hallucinations (Ground 1(a)), and (b) appellate counsel failed to raise this instance of ineffectiveness on appeal (Ground 1(b));

(2) Petitioner received ineffective assistance of counsel when (a) trial counsel failed to move to suppress certain evidence seized without probable cause or articulable suspicion (Ground 2(a)), and (b) appellate counsel failed to raise this instance of ineffectiveness on appeal (Ground 2(b));

(3) Petitioner received ineffective assistance of counsel when (a) trial counsel elicited damaging bad character evidence about Petitioner from several witnesses (Ground 3(a)), and (b) appellate counsel failed to raise this instance of ineffectiveness on appeal (Ground 3(b)); and

(4) Petitioner received ineffective assistance of counsel when (a) trial counsel failed to impeach the State's star witness with evidence of past convictions (Ground 4(a)), and (b) appellate counsel failed to raise this instance of ineffectiveness on appeal (Ground 4(b)).

R&R at 4 (citing Petition).

On November 20, 2007, Respondent filed an Answer to the Petition. On September 23, 2008, Magistrate Judge Baverman entered his R&R recommending the petition be denied. The Magistrate Judge found that appellate counsel had not rendered ineffective assistance with respect to his failure to raise on appeal the four alleged instances of trial counsel's ineffectiveness. R&R at 9-24. The Magistrate further determined that each of Petitioner's ineffective-assistance-of-trial counsel claims had been procedurally defaulted. R&R at 26-28.

Petitioner timely filed his Objections on October 3, 2008. Petitioner objected only to the Magistrate Judge's findings that there was no ineffective assistance of appellate counsel with respect to any of Petitioner's four claims of

3

appellate counsel ineffectiveness. By Order entered on March 30, 2009, the Court overruled each of Petitioner's objections and concluded that the state habeas court's rejection of each ineffective-assistance-of-appellate-counsel claim was not contrary to and did not involve an unreasonable application of clearly established law and it was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. March 30, 2009, Order at 8-14.

Petitioner advanced no objections to either the Magistrate Judge's findings of fact, the standard of review for reviewing a state habeas corpus petition, or the Magistrate Judge's findings that his ineffective assistance of trial counsel claims had been procedurally defaulted. After finding no plain error, the Court adopted these findings by the Magistrate Judge. March 30, 2009, Order at 4.

## II. DISCUSSION

Petitioner has filed a motion for a COA [9]. Under Federal Rule of Appellate Procedure 22(b), an appeal of a denial of a *habeas corpus* petition cannot proceed unless a COA is issued pursuant to 28 U.S.C. § 2253(c)(1)(A). "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a

circuit justice or a circuit or district judge issues a [COA] under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a [COA] or state why a [COA] should not issue . . . . If the district judge has denied the [COA], the applicant may request a circuit judge to issue a certificate." Fed.R.App.P. 22(b)(1); accord Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997) ("District Courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "In determining whether to grant a COA, we 'look to the District Court's application of [the Anti-Terrorism and Effective Death Penalty Act of 1996] to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." United States v. Futch, 518 F.3d 887, 895 (11th Cir. 2008) (quoting Miller-El v. Cockrell, 537 U.S. 332, 336 (2003)). A petitioner is not required to show that his constitutional claims would succeed on appeal, but must demonstrate only that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. Miller-El, 537 U.S. at 338 ("Indeed, a claim can be debatable even though every jurist or reason might agree, after the COA has been

5

granted and the case has received full consideration, then the petitioner will not prevail."). Furthermore, where the district court denies a claim on procedural grounds without reaching the underlying constitutional claim, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner seeks a COA on each of his ineffective-assistance-of-trial counsel and ineffective-assistance-of-appellate counsel claims advanced in his federal habeas petition. The Court has reviewed in detail Petitioner's grounds for relief and the law and facts governing those claims. As an initial manner, Petitioner has proffered no argument to challenge the Court's ruling that it is barred from reviewing Petitioner's ineffective-assistance-of trial counsel claims because they are procedurally defaulted. The Court concludes that its rejection of these claims on procedural grounds is not debatable among jurists of reason.

The Court further concludes that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to each of Petitioner's related ineffective-assistance-of-appellate-counsel claims. Petitioner's first claim in Ground 1(b) as to appellate counsel's ineffectiveness is without merit in that

6

appellate counsel had no indication that Parham suffered from a mental illness, that appellate counsel reasonably focused her investigation on Parham's criminal background, and that Parham's testimony regarding Petitioner's participation in the crime was corroborated by several witnesses. For the reasons stated in the R&R and the undersigned's March 30, 2009, Order, the Court concludes that the resolution of Petitioner's ineffective-assistance-of-appellate counsel claim in Ground 1(b) is not debatable among jurists of reasons.

Petitioner's second claim of appellate counsel's ineffectiveness in Ground 2(b) also is without merit. Based on her research of the case, appellate counsel reasonably concluded that police officers had conducted a constitutionally-valid stop of the automobile in which Petitioner was a passenger and that any challenge to evidence seized in connection with the stop would have been meritless. For the reasons stated in the R& R and the March 30, 2009, Order, the Court concludes that the resolution of Petitioner's ineffective-assistance-of-appellate counsel claim in Ground 2(b) is not debatable among jurists of reasons.

Next, Petitioner's third claim of appellate counsel's ineffectiveness in Ground 3(b) is without merit. Even it is "debatable amongst jurists of reasons" as to whether appellate counsel rendered professionally-incompetent assistance in failing to attack trial counsel's elicitation of certain bad character evidence about

7

Petitioner – which the Court believes is not the case –, Petitioner has not shown that the result of the trial or appeal would have been different especially in light of the compelling evidence of guilt. Thus, for the reasons stated in the R&R and the March 30, 2009, Order, the Court concludes that the resolution of Petitioner's ineffective-assistance-of-appellate counsel claim in Ground 3(b) is not debatable among jurists of reasons.

Finally, Petitioner's fourth claim of appellate counsel's ineffectiveness in Ground 4(b) is without merit. Trial counsel provided effective advocacy by having Parham admit without qualification that he was a convicted felon and a drug addict. Petitioner has failed to demonstrate that the outcome of his criminal case would have been different but for appellate counsel's failure to raise on appeal trial counsel's purported ineffectiveness in not introducing additional evidence of Parham's past convictions. Thus, for the reasons stated in the R&R and the March 30, 2009, Order, the Court concludes that the resolution of Petitioner's ineffective-assistance-of-appellate counsel claim in Ground 4(b) is not debatable among jurists of reasons.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for a COA [9] is **DENIED**.

**SO ORDERED** this 14th day of July 2009

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE